
# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WASHINGTON

In re:

MONTE L. MASINGALE and
ROSANA D. MASINGALE,

                Debtors.

Case No. 15-03276-FPC7

**ORDER DENYING DEBTOR'S MOTION FOR ORDER DIRECTING ABANDONMENT OF PROPERTY AND GRANTING TRUSTEE'S MOTION TO SELL PROPERTY**

**Not for publication**

    This matter came before the Court on both Rosana D. Masingale's motion to direct the Chapter 7 Trustee to abandon her home and the Chapter 7 Trustee's motion to sell that very same home. (ECF Nos. 483 and 493)

## FACTS

    1. In October of 1999, Mr. and Mrs. Masingale purchased their home, commonly known as 19716 E. 8th Avenue, Greenacres, Washington. (ECF No. 484)

    2. On September 28, 2015, the Masingales commenced a Chapter 11 bankruptcy proceeding and filed bankruptcy schedules. (ECF No. 1)

ORDER DENYING MOTION FOR ABANDONMENT AND GRANTING MOTION TO SELL - 1

3. In their schedules, the Masingales: (i) claimed their home as exempt pursuant to 11 U.S.C. §522(d)(1);[1] (ii) listed the value of their home as $165,430; (iii) identified a home mortgage in the amount of $130,724; and (iv) stated that the value of their exemption in the home was "100% of FMV."[2] (ECF No. 1, pp. 39-40; ECF No. 484, p. 7) The Masingales did not specify a dollar value for the equity in their home that they claimed as exempt.

4. The meeting of creditors for this case was initially scheduled for November 6, 2015, and notice was given that the deadline to object to the Masingales' scheduled exemptions was 30 days after conclusion of the meeting of creditors.[3] (ECF No. 13)

5. The meeting of creditors concluded on November 25, 2015. (ECF No. 63)

6. No objections were filed to the Masingales' claimed exemptions.

7. Monte L. Masingale resided in the home until his death on July 7, 2016, and Rosana D. Masingale continues to reside in the home with her daughter. (ECF No. 484)

---

[1] Debtors in Washington can choose between the homestead exemption provided by the Bankruptcy Code or state law under RCW 6.13 *et seq. See* 11 U.S.C. §522(b)(1). The Masingales chose the homestead set forth in the Bankruptcy Code.

[2] "FMV" is short for "fair market value."

[3] FRBP 4003(b)(1) provides that any party in interest may object to the debtor's exemption claims within 30 days after the conclusion of the Rule 2003(a) meeting of creditors.

ORDER DENYING MOTION FOR ABANDONMENT AND GRANTING MOTION TO SELL - 2

8. The Masingales' Chapter 11 Plan of Reorganization was confirmed on August 23, 2017. (ECF No. 296)

9. The Plan was not fully implemented, and the bankruptcy case was converted to Chapter 7 on November 19, 2018. (ECF No. 356)

10. John D. Munding was appointed as the Chapter 7 Trustee. (*See* ECF No. 357-4)

11. After conversion, no new time for objecting to the Masingales' claim of exemptions was set because more than one year had passed since the case was converted to chapter 7.[4]

12. The Masingales' home significantly appreciated in value since the petition date. The current value of the home is $400,500. (ECF Nos. 485; 490)

13. At present, the amount of the mortgage debt secured by the home is approximately $156,000. (ECF Nos. 485; 490)

14. On October 21, 2021, Ms. Masingale moved to compel the Trustee to abandon her home because there was no objection to her claim in the bankruptcy schedules that "100% of FMV" in her home was exempt. (ECF Nos. 483; 485)

15. On November 3, 2021, the Trustee objected the Debtor's motion to compel abandonment. (ECF No. 488)

---

[4] Pursuant to BR 1019(2)(B)(i), no new time period is set for filing objections to exemptions in cases converted to chapter 7 more than one year after a plan is confirmed.

ORDER DENYING MOTION FOR ABANDONMENT AND GRANTING MOTION TO SELL - 3

16. On November 8, 2021, the Trustee filed a motion to sell the home. (ECF No. 493)

17. The Trustee asserts that the "Debtors' maximum allowed homestead claim of exemption is $45,950." (ECF No. 488, p. 12)

18. The Trustee asserts that if he is allowed to sell the home there will be substantial funds available for the bankruptcy estate after paying closing costs, satisfying the mortgage debt, paying real estate taxes, and paying Ms. Masingale the maximum amount of her exemption. (ECF No. 488, pp. 12-13)

19. The State of Washington Attorney General's Civil Rights Unit ("CRU") supports the Trustee's request to sell the Debtor's home. (ECF No. 505, p. 1)

20. The CRU asserts that it holds a judgment lien against the Debtor's home and argues its judgment lien should attach to the proceeds of sale. (ECF No. 505, p. 6)

21. The validity and amount of the alleged CRU judgment lien has not been decided yet by this Court.

## **ANALYSIS**

Both Ms. Masingale's abandonment motion and the Trustee's motion to sell depend on whether the homestead exemption is limited to $45,950. If the homestead exemption is unlimited, as Ms. Masingale argues, no value could be recovered for the bankruptcy estate and this Court could, pursuant to 11 U.S.C.

§554(b), order the trustee to abandon any interest in the home. Conversely, if the exemption is limited, as the Trustee argues, the Trustee could sell the home and recover equity for the benefit of the bankruptcy estate. To resolve the controversy, this Court must decide: (1) if the absence of an objection to the debtors' exemptions precludes the Trustee's argument; (2) the dollar value the debtors claimed as exempt for their homestead; and (3) which party should receive the benefit from the Masingales' home appreciation between 2015 and today.

1. <u>Does the absence of an objection to the Masingales' claim of exemptions result in the removal of the home from the bankruptcy estate?</u> The absence of an objection to the debtors' homestead exemption claim does not result in the entire homestead property being removed from the bankruptcy estate. *Gebhart v. Gaughan (In re Gebhart)*, 621 F.3d 1206 (9th Cir. 2010).[5] *Gebhart* was a consolidated appeal of two cases that raised the same issue as in this case. In both cases, the debtors filed for bankruptcy at a time when the value of the equity in their homes was less than the statutory amount they were eligible to claim as exempt. Also, in both cases the debtors' homes appreciated in value over the course of their bankruptcies and the Chapter 7 trustees moved for an order

---

[5] *See also, Schwab v. Reilly,* 560 U.S. 770 (2010) (because the debtor gave the value of her claimed exemptions within the range the Bankruptcy Code allows, the Chapter 7 trustee was not required to object to the exemptions to preserve the estate's right to retain value beyond the value of the exempt interest).

ORDER DENYING MOTION FOR ABANDONMENT AND GRANTING MOTION TO SELL - 5

authorizing a sale of the homestead properties to recover the excess equity. The Ninth Circuit concluded that the debtors' exemptions removed from the bankruptcy estate only a fixed interest in the property equal to the value of the exemption claimed but did not remove the entire asset from the estate. Therefore, the *Gebhart* trustees could sell the homes despite the failure to object to the debtors' claims of exemption. Just like in *Gebhart,* the absence of an objection the Masingales' exemptions is not fatal to the Trustee's motion to sell.

    2. <u>What dollar amount did the Masingales claim as exempt in 2015?</u> In their 2015 bankruptcy schedules, the Masingales did not specify a precise value for their homestead exemption. Instead, the Masingales claimed that "100% of FMV" in their home was exempt.[6] The Masingales' schedules: (i) identified the value of their home as $165,430; (ii) listed their mortgage debt as $130,724; and (iii) expressly selected the exemption authorized by 11 U.S.C. §522(d)(1), which in

---

[6] Dicta in *Schwab*, supra note 5, has prompted Ms. Masingale and other debtors, in an attempt to maximize the value of their exemptions, to use the phrase "100% of FMV" in their schedules. (ECF No. 1, p. 40; ECF No. 484, pp. 5-6). However, many of those attempts were rejected by courts that concluded "100 % of FMV" does not necessarily prevent trustees from liquidating assets for the benefit of the bankruptcy estate. *See, e.g.*, *In Re Messer,* Nos. AZ–11–1505–JuPaD, 11–03007, 2012 WL 762828 (9th Cir. B.A.P. March 9, 2012) (debtor's claim of 100% of the fair market value in vehicle did not preclude the vehicle from becoming property of the bankruptcy estate); *In Re Stoney*, 445 B.R. 543, 552 (Bankr. E.D. Va. 2011) (debtor's attempted valuation in percentage format did not comply with statutory requirements); *In re Winchell*, No. 10-05827-PCW13, 2010 WL 5338054 (Bankr. E.D. Wash. Dec. 20, 2010) (exemption of "Full FMV" exceeded statutory limit); *In re Salazar*, 449 B.R. 890 (Bankr. N.D. Tex. 2011) (debtor's goal to exempt property in-kind may be thwarted if the property subsequently appreciates in value); *contra, In re Moore,* 442 B.R. 865 (Bankr. N.D. Tex. 2010) (use of "100% of FMV" was not an attempt to game the system).

ORDER DENYING MOTION FOR ABANDONMENT AND GRANTING MOTION TO SELL - 6

2015 allowed a homestead exemption amount "not to exceed $22,975" for each debtor or $45,950 for both debtors. Therefore, this Court finds that at the time the Masingales claimed "100% of FMV" in their home as exempt, they claimed no more than $45,950 in value.[7]

3. <u>Who benefits from the appreciation in the Debtor's Home between 2015 and 2022?</u> The amount claimed as exempt in 2015 is less than the amount of equity that exists today in the Masingale home. This increased equity belongs to the bankruptcy estate, not the debtor. Pursuant to 11 U.S.C. §541(a), included in the property of the bankruptcy estate, is "the appreciation in value of a debtor's home." *See also Wilson v. Rigby*, 909 F.3d 306, 309 (9th Cir. 2018).[8] As a result, the increased equity in the Masingale home is available for the Trustee to liquidate for the benefit of the bankruptcy estate.

## **ORDER**

Based on the foregoing:

---

[7] The Trustee mentioned the $45,950 limit but did not argue that the exemption should be limited to the difference between the scheduled value of the home in 2015 ($165,430) and the scheduled amount of the mortgage debt in 2015 ($130,724). Accordingly, this Court concludes that the Trustee consents to an exemption of $45,950.

[8] *See also*, *Gebhart,* 621 F.3d at 1211 (noting the well-settled holding in the Ninth Circuit "that what is frozen as of the date of filing the petition is the value of the debtor's exemption, not the fair market value of the property claimed as exempt").

ORDER DENYING MOTION FOR ABANDONMENT AND GRANTING MOTION TO SELL - 7

1. Ms. Masingale's motion to compel the Trustee to abandon her home (ECF No. 483) is **DENIED**;

2. The Trustee' motion to sell the home commonly known as 19716 E. 8th Avenue, Greenacres, Washington, free and clear of all interests, for a gross sale price of at least $400,500 (ECF No. 493) is **GRANTED**;

3. The Trustee is authorized to execute all necessary documents conveying the bankruptcy estate's interest in the home;

4. The Trustee is authorized to pay from closing proceeds all allowed liens (other than the alleged judgment lien of the CRU), encumbrances, costs, fees, property taxes, and the debtors' maximum allowed homestead claims of exemption of $45,950;

5. All net closing proceeds shall be paid to the Trustee;

6. The judgment lien of the CRU, if any, will attach to the net closing proceeds held by the Trustee; and

7. The validity and amount of the alleged CRU judgment lien will be resolved by this Court later.[9]

///End of Order///

---

[9] The validity and amount of the CRU lien has not yet been presented to the Court for resolution.

ORDER DENYING MOTION FOR ABANDONMENT AND GRANTING MOTION TO SELL - 8